**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**JOSE SIERRA,**

                **Plaintiff,**

-vs-                                        **Case No. 6:07-cv-1064-Orl-31KRS**

**DELTA QUALITY ENTERPRISES, INC.,**
**and CHRIS CHRISSANTHIDIS,**

                **Defendants.**

_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

    This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **MOTION FOR ENTRY OF JUDGMENT IN ACCORDANCE WITH DEFENDANTS' OFFER OF JUDGMENT AND PLAINTIFF'S ACCEPTANCE OF OFFER OF JUDGMENT (Doc. No. 27)** |
| **FILED:** | **December 4, 2008** |

**I. INTRODUCTION.**

    This case was brought under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq*. In the present motion, Plaintiff Sierra represents that Defendants Delta Quality Enterprises, Inc. and Chris Chrissanthidis made an offer of judgment pursuant to Fed. R. Civ. P. 68, and that he accepted the offer. Doc. Nos. 27, 27-2 (offer and acceptance). I held a hearing on December 19, 2008, to determine, among other things, whether the offer of judgment was a reasonable resolution of a bona fide dispute as required by *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-55 (11th

Cir. 1982). At the hearing, counsel for Sierra argued that the Court does not have authority to make a fairness finding after a Rule 68 offer of judgment is accepted. Alternatively, counsel argued that the agreed disposition of the case was fair. I will address these arguments in turn.

**II.     ANALYSIS.**

   *A.     Court's Authority to Make Fairness Finding After Rule 68 Offer of Judgment Accepted.*

Counsel for Sierra relied upon *Marek v. Chesny,* 473 U.S. 1 (1985), for the proposition that a court does not have jurisdiction to make a fairness finding in an FLSA case after an offer of judgment is accepted. The *Marek* Court addressed whether the defendant was liable for attorneys' fees incurred after an offer of judgment when the plaintiff rejected the offer and obtained a judgment for less than the amount of the offer. It did not address the court's continuing jurisdiction after an offer of judgment was accepted. Therefore, I find that the *Marek* decision is inapposite.

There is little case law addressing the question of whether a fairness finding can (or must) be made following acceptance of an offer of judgment in an FLSA case. Generally, a court exercises little substantive review over a Rule 68 offer of judgment other than to ensure that the offer conforms to the rule. *Utility Automation 2000, Inc. v. Choctawhatchee Elec. Co-op., Inc.,* 298 F.3d 1238, 1248 (11th Cir. 2002). In an opinion specially concurring in the *Utility Automation, 2000, Inc.* decision, however, Judge Marcus observed in dicta that "[w]hile entry of a Rule 68 judgment is ordinarily 'ministerial rather than discretionary,' . . . 'this general statement is too broad to encompass all instances in which Rule 68 offers are made. . . .'" *Id.* 298 F.3d at 1250 (internal citations omitted). He further observed that "[t]here are myriad settings in which a court has an independent duty, much like the duty created by a proposed consent decree, to review the terms of a settlement offer; Rule 68's

operation does not relieve the Court of that duty. . . ." *Id.* at 1250-51; *accord* 12 Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, <u>Federal Practice and Procedure</u> § 3005 ( 2d ed. 1997).

I find the analysis of Judge Marcus and Wright, Miller and Marcus persuasive. Accordingly, until the Court receives further guidance from the Eleventh Circuit or the United States Supreme Court, I recommend that the Court conclude that acceptance of a Rule 68 offer of judgment in an FLSA case does not relieve it of the duty to make the fairness finding required by *Lynn's Food Stores, Inc.*

   B.  *The Proposed Judgment is Fair Under the Circumstances of This Case.*

Plaintiff Sierra averred in his answers to the Court's interrogatories that he was owed $6,620.00 in unpaid overtime, an equal amount in liquidated damages, plus attorney's fees and costs. Doc. No. 12. The Rule 68 offer of judgment is in the "total amount of $1,000.00, plus all costs accrued." Doc. No. 27-2 at 1.

At oral argument, counsel for Sierra represented that Sierra directed him to accept the offer of judgment, in recognition of issues regarding enterprise coverage under the FLSA, the dispute over the amount of overtime worked, if any, and the lack of time records. Plaintiff's counsel also represented that Defendants had not coerced or threatened Sierra into settling his claim. "[A]n attorney never has the right to prohibit his client from settling an action in good faith." *Singleton v. Foreman*, 435 F.2d 962 (5th Cir. 1970) (citing *Sentco v. McCulloh*, 84 So. 2d 498 (Fla.1955)).

Accordingly, I find Sierra has settled his claim in good faith, and, based on the representations of the parties at oral argument that the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores*, 679 F.2d at 1354.

### III. RECOMMENDATION.

Accordingly, I respectfully recommend that the Court do the following:

1. **GRANT** the Motion for Entry of Judgment in Accordance with Defendants' Offer of Judgment and Plaintiff's Acceptance of Offer of Judgment (Doc. No. 27);

2. **FIND** that the compensation Plaintiff will receive pursuant to Defendants' Offer of Judgment is a fair resolution of a bona fide dispute under the FLSA;

3. **DIRECT** the Clerk of Court to enter judgment in favor of Plaintiff as set forth in the Offer of Judgment; and,

4. **PERMIT** the Plaintiff to file a Bill of Costs and motion for an award of attorney's fees within the time permitted by the rules of Court.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on December 29, 2008.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE